UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KIPP,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:19-cv-01567-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**INTRODUCTION**

Plaintiff Michael Kipp ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income benefits under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 6, 7, 21.)

and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed application for supplemental security income on June 15, 2016. AR 259-65.[2] Plaintiff alleged that he became disabled on October 4, 2015, due to traumatic brain injury, nonverbal learning disorder, autism, anxiety, depression, and mood swings. AR 385. Plaintiff's applications were denied initially and on reconsideration. AR 186-90, 194-98. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Timothy S. Snelling held a hearing on August 24, 2018, and issued an order denying benefits on November 26, 2018. AR 72-113, 12-26. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on August 24, 2018, in Fresno, California. Plaintiff appeared with his attorney, Jonathan Pena. Jose Chaparro, an impartial vocational expert, also appeared. AR 74.

Plaintiff testified that he has only held one job. AR 81. He worked as a "noontime aide" at an elementary school where he was paid approximately $10 per hour and only worked at most an hour a day with a fluctuating schedule. AR 81. Plaintiff testified that he did not graduate high school but did receive a certificate of completion. AR 82.

When asked about his traumatic brain injury, Plaintiff testified that the injury occurred when he was two years old. AR 83. Plaintiff testified that he fell a foot or two and hit his head. AR 83. At the time he did not receive immediate emergency medical services, but Plaintiff, his parents and his pediatrician believed there was some brain injury from the fall. AR. 83-84.

Plaintiff testified that he has been diagnosed with a nonverbal learning disorder and with an autistic spectrum disorder. AR 85. Plaintiff also testified that he was overweight. AR 85-85.

When questioned by his counsel, Plaintiff testified that his condition has been roughly the same since his prior determination. AR 90. Plaintiff testified that he did not believe that he could work

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

a full-time job. AR 91. Plaintiff testified that he attempted to work a part time job through a work program. AR 92. However, he was unable to complete multiple tasks at once, had to be reminded of what tasks he was working on, was not able to stand for very long, and had to take some breaks. AR 92. Plaintiff testified that he was stalking shelves at the time and needed to be reminded of the tasks he was working on while he was working on it. AR 92. Plaintiff clarified that if he were to return to work, he would likely feel overwhelmed with too many tasks and an excited environment. AR 93.

Plaintiff testified that on a typical day he will wake up and watch television for approximately three hours straight. AR 95. Plaintiff testified that he has very basic cooking skills. AR 95. Plaintiff also testified that he does chores around the house including vacuuming and dusting. AR 95. When asked to clarify his living situation by the ALJ, Plaintiff testified that he lives with his parents. AR 96. Plaintiff does not have an exercise routine or observe a diet. AR 97-98. Plaintiff has never had a driver's license and does not plan to obtain one. AR 99-100. Plaintiff testified that he believes he would not be a safe driver because he would not be able to react quickly. AR 100.

Plaintiff testified that he sees a physician on a yearly basis but no longer sees either a psychologist or a psychiatrist. AR. 101-02. He stopped seeing his psychiatrist when he stopped taking his medication. AR 102. Plaintiff testified that he stopped taking his psychotropic medications because he felt they were affecting his health in other ways including weight gain. AR 102-03.

Plaintiff testified that he has applied for jobs in the retail field in 2017 and 2018. AR 103-04. However, he has never been offered a job. AR 105-06. Plaintiff believes it is likely due to his lack of work history and his high school certificate of completion. AR 107. When asked about his prior employment stocking shelves by his attorney, Plaintiff testified that his need to have instructions repeated likely contributed to his being let go. AR 107-08.

Following Plaintiff's testimony, the ALJ elicited testimony from VE. For hypothetical one, the ALJ asked the VE to consider a hypothetical individual who has no exertional limitations, however, he cannot climb ladders, ropes, or scaffolding. AR 108. The individual could perform frequently all postural activities including climbing ramps and stairs, crouching, crawling, kneeling, and stooping. The individual can no more than occasionally understand, remember, or carry out complex and detailed job instructions, or make judgments on complex and detailed work-related job assignments, or

cope with the stress normally associated with semi-skilled or skilled employment. Further, the individual can have no more than frequent face-to-face interaction with the general public, with co-workers, and with supervisors. The VE testified that there would be jobs in the national economy for such a person, including house cleaner, conveyor feeder and off bearer, and maker. AR 108-09. When asked by counsel if the same individual could perform work if he required redirection 20% more than the general workforce, the VE stated that such an individual could not work. AR 109.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

After consideration of all the evidence, the ALJ determined that the Plaintiff was not under a disability within the meaning of the Social Security Act since June 15, 2016, the date the application was filed. AR 15. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since June 15, 2016, the application date. AR 18. The ALJ identified a history of traumatic brain injury, exogenous obesity, nonverbal learning disorder, autistic syndrome disorder, attention-deficit hyperactivity disorder, Asperger's syndrome, anxiety disorder, and depressive disorder as severe impairments. AR 18. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 18.

Based on a review of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels. Plaintiff can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Plaintiff can never climb ladders, ropes, or scaffolds. Plaintiff can have not more than occasional face-to-face interaction with the general public, supervisors, and co-workers. Plaintiff cannot understand, remember, and/or apply information necessary to perform complex and detailed work tasks. Plaintiff cannot make judgments on complex and detailed work-related job assignments, or cope with the stress normally associated with semi-skilled employment. AR 21. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there exist a significant number of jobs that Plaintiff can perform in the national

economy. AR 25. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 26.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

# DISCUSSION[3]

Plaintiff contends that the ALJ erred by (1) failing to develop the record regarding Plaintiff's severe obesity and (2) failing to properly evaluate the opinion from Plaintiff's mother Helene Kipp, who submitted a third-party lay witness statement. (Doc. No. 14. at 1.)

### 1. The ALJ Did Not Fail to Develop the Record as to Plaintiff's Obesity.

Plaintiff argues that the ALJ failed to adequately develop the record by not obtaining an opinion regarding the functional impact of Plaintiff's obesity, and by failing to explain how this impairment was considered in assessing Plaintiff's RFC. (Doc. No. 22 at 1.)

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered[.]" *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The ALJ's duty to "develop the record further" is triggered only where evidence is ambiguous, or the record is inadequate to allow for proper evaluation of the evidence. *Id*.at 459-60; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff contends that, because the ALJ relied on a single doctor's visit two years before the hearing date, the ALJ should have developed the record and obtained additional medical evidence regarding the Plaintiff's obesity. (Doc. No. 14 at 6.) However, the burden is on the claimant to establish disability. *Terry*, 903 F.2d at 1275; 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). Because it is the Plaintiff's burden to present evidence of disability, the mere absence of an opinion from an examining physician does not give rise to a duty to develop the record; rather, that duty is triggered only where there is an inadequacy or ambiguity. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Alvarez v. Astrue*, 2009 WL 2500492, at *10 (E.D. Cal. Aug. 14, 2009) (finding absence of report from treating physician did not give rise to a duty to develop the record where record contained opinions of the state

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

agency physicians and plaintiff's complete treatment records). Plaintiff has not demonstrated that the record was ambiguous or inadequate to allow for proper evaluation.

Further, the ALJ's obligation to obtain additional evidence is triggered only "when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (holding that ALJs have a duty fully and fairly to develop the record when the evidence is ambiguous or "the record is inadequate" to allow for proper evaluation of the evidence).

The ALJ did not fail to consider obesity in determining the RFC. The ALJ found that exogenous obesity was a severe impairment. The ALJ also included obesity in determining the Plaintiff's RFC by limiting the Plaintiff to never climb ladders, ropes, or scaffolds. AR 21. There is no other physical impairment that the ALJ references in making that determination, thus the limitations are attributable to the obesity of Plaintiff. Moreover, multiple physicians and examiners diagnosed the Plaintiff with obesity, and none provided limitations for Plaintiff based on his obesity. Yet the ALJ found that there were limitations based on obesity and the other impairments identified. Finally, Plaintiff's own testimony at the hearing detailed that he can do chores, shopping, walking, and other tasks which are consistent with the ALJ's determination.

Plaintiff has not identified that there is ambiguity or inadequacy in the medical evidence. Further, it is Plaintiff's burden to produce evidence of disability. Without a showing that the medical records were ambiguous or inadequate, the ALJ does not have a duty to develop the record further.

**2. The ALJ Did Not Err in Evaluating the Lay Testimony.**

Plaintiff argues that the ALJ improperly rejected the lay witness testimony from Plaintiff's mother, Helene Kipp. (Doc. No. 14 at 7.)

Ms. Kipp completed a third-party function report on October 11, 2014. AR 362-68. She reported that she sees Plaintiff eight or more hours per day. They spend time together shopping, watching movies, and working together. Ms. Kipp reported that Plaintiff has a difficult time remembering directions for long periods, tires easily, has difficulty with attention, and needs detailed directions in small chunks. AR 362. Ms. Kipp described Plaintiff's daily activities to include getting

7

up, eating breakfast, occasionally doing chores for 15-20 minutes, going to his job, coming home, relaxing by watching television or using the computer, eating dinner, playing with dogs, bathing, and going to bed. AR 363. Ms. Kipp also reported that Plaintiff needs reminders to wash his hair but had no other issues with personal care. AR 363. Plaintiff prepares his own meals including frozen dinners, pizza, and canned food. AR 364. Ms. Kipp reported that Plaintiff can vacuum, dust, take out trash, and mow lawns but requires reminders to do the jobs. AR 364. Ms. Kipp also reported that Plaintiff can pay bills but not count change, handle a savings account, or use checks/money orders, and he gives Ms. Kipp his extra money to avoid spending it. AR 365. Further, Ms. Kipp reported that Plaintiff is able to go shopping, socializes with friends in person and through video games, he is able to go to work, home, and the store on a regular basis, however, he has some difficulty reading bus schedules. AR 366. Ms. Kipp reported that Plaintiff can follow written instructions easier than verbal, finds recipes confusing, but can follow 2-3-word instructions with 1-2 steps at a time. AR 367. Finally, Ms. Kipp reported that Plaintiff was fired from employment for not attending to assigned tasks, not returning to work on time, and talking too much, Plaintiff gets agitated when stressed and does not like change. AR 368.

An ALJ must take into account competent lay witness testimony. *Molina*, 674 F.3d at 1114; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). "[I]n order to discount competent lay witness testimony, the ALJ 'must give reasons that are germane to each witness.'" *Molina*, 674 F.3d at 1114 (citation omitted). An ALJ is not required to discuss every witness' testimony on an individualized, witness-by-witness basis. *Id*. Ms. Kipp's status as a lay witness is not a valid reason to discount her observations. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017); *see also Smolen*, 80 F.3d at 1289 (finding that "[t]he fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony. To the contrary, testimony from lay witnesses who see the claimant every day is of particular value."). Lay witnesses are not required to have medical training, and their testimony need not be backed by any particular expertise. *Molina*, 674 F.3d at 1114 ("Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account.").

The ALJ considered Ms. Kipp's third-party report and assigned it "some weight" finding her statements "do not evidence greater limitations than those already indicated." AR 25. The ALJ also found that the statement did "not establish that the claimant's impairments are disabling." AR 25. As the ALJ provided germane reasons for rejecting Ms. Kipp's opinion, that the evidence did not provide for greater limitations than those provided by the medical evidence, the ALJ did not err in granting some weight to Ms. Kipp's opinion. *See Molina*, 674 F.3d at 1114. Further, there is no indication from the ALJ's opinion that he rejected or failed to consider the lay witness testimony. Rather, the ALJ granted it limited weight due to the substance of the opinion.

Accordingly, the Court finds that the ALJ did not commit reversible error in his evaluation of the lay witness testimony.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Michael Kipp.

IT IS SO ORDERED.

Dated: **February 10, 2021**          /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE